IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-01425-RPM

CHARLES FARRAR,

    Applicant,

v.

RICK RAEMISCH, Exec Director, Colorado Dept of Corrections,
JAMES FALK, Warden, Sterling Correctional Facility, and
CYNTHIA COFFMAN, Attorney General, State of Colorado,

    Respondents.
_____

ORDER DENYING APPLICATION FOR HABEAS CORPUS
_____

The question raised by Charles Farrar in this Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is whether the refusal to grant him a new trial after the accuser in his sex offender trial has recanted all of her testimony is a violation of his Constitutional right to due process of law under the Fourteenth Amendment.

The case was summarized by the Colorado Supreme Court in *Farrar v. People,* 208 P.3d 702 (Colo. 2009). The four member majority of justices affirmed the trial court's denial of relief after a full evidentiary hearing under Crim. P. 33. A brief recitation is necessary for this analysis of the Applicant's claim.

At age fifteen Sacha Brod claimed that her mother Debbie Brod and stepfather Charles Farrar repeatedly forced her to engage in sexual intercourse and sodomy beginning when she was eleven years old. Both of the accused were charged with multiple offenses. The court ordered separate trials. Charles Farrar was convicted of some of the charges and acquitted of others. He was sentenced to an aggregate 145

years to life.  The charges against the mother were dismissed because Sacha Brod did not want to testify at another trial.

At the post trial hearings Ms. Brod testified that before trial she had told the prosecutors and others that her story was not true and that they forced her to testify as she did.  The prosecutors and others denied those allegations and the trial judge found that Sacha's allegations were not credible.

That determination is binding on this court.  Sacha testified that her accusations and trial testimony were fabrications motivated by her desire to get away from home and live with her grandmother in Oklahoma.  She explained the reasons for her extreme unhappiness with the living conditions, none of which related to sexual abuse.

As to this testimony, the trial judge observed that the jury had found the victim's testimony believable as to some counts and not others.  Recognizing the serious credibility issues and that the trial testimony could be used as impeachment at a new trial the court concluded that:

> Nothing that the Court heard or saw during this post-conviction proceeding persuades it that the newly discovered evidence would produce a complete acquittal at a new trial.  In all probability, another jury would accept some of Ms. ▮ contentions and reject others.
>
> Exhibit P.

The Supreme Court majority said:

> Because the district court was not reasonably convinced that the victim's testimony at trial was probably false, it did not abuse its discretion in denying his motion for new trial.
>
> *Farrar, 208 P.3d at 702.*

That statement is not completely correct. The trial judge acknowledged the jury acquitted Farrar on six counts. Those counts involved events that the victim described in graphic detail. There may be a difference between false and not believable but it is telling that the jury accepted general testimony of a hundred or more incidents of sexual activity but rejected those that were told most explicitly.

The majority opinion gave the following statement of the test for a new trial upon discovery of new evidence.

> Whether to grant new trial upon the discovery of new evidence undermining confidence in the reliability of criminal convictions is largely a matter of policy, requiring a balance between the need for finality and the state's interest in ensuring the fairness and accuracy of its proceedings. *People v. Schneider,* 25 P.3d 755, 762 (Colo. 2001).

*Farrar,* 208 P.3d at 706.

Surprisingly, there is no mention of the protections of individual liberty provided by the Fourteenth Amendment.

The majority also ruled that the newly discovered evidence must be of sufficient consequence for reasons other than its ability to impeach and that, "It must be consequential in the sense of being affirmatively probative of the defendant's innocence..." and "that it would probably produce an acquittal." *Id.* at 707. In short, the Colorado Supreme Court ruled that the trial court correctly denied the motion for new trial because it did not find that the victim's trial testimony was entirely false.

The dissenting opinion found the appropriate standard to be whether the newly discovered impeachment evidence is of such consequence that it would probably result in an acquittal on retrial and three justices agreed that Ms. Brod's recanting testimony "clearly could and probably would change the outcome of the case." Notably the

dissenters recognized that an acquittal may result from a reasonable doubt, not actual innocence.

Under the limitations imposed by 28 U.S.C. § 2254(d), this Court must accept the state court rulings unless they are contrary to clearly established Federal law as determined by the United States Supreme Court or were based on an unreasonable determination of the facts in light of the evidence presented in the hearings on the motion for new trial.

The Applicant has not produced a U. S. Supreme Court case holding that in the absence of prior knowledge of the victim's recanting her complaints of sexual abuse the presentation of her testimony would violate the Due Process Clause of the Fourteenth Amendment. The district judge who heard the testimony at the hearings on the Rule 33 motion was the same judge who presided at the trial. He observed Sacha Brod testify both times and this Court is unable to say that his assessment of her trial testimony after hearing her recanting testimony was unreasonable.

Other claims of constitutional error were raised but they are rejected for the reasons set forth in the Respondents' Answer [Doc.15].

Accordingly, the application must be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the applicant has made a substantial showing of violations of the Fourteenth Amendment and that reversal is required. Reasonable jurists could debate this Court's determination to the contrary. Thus, a certificate of appealability is granted.

DATED: May 31, 2017

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge